NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 3 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-6107 |
| Plaintiff - Appellee, | D.C. No. 4:21-cr-00467-JSW-1 |
| v. | |
| AARON PIERRE BROWN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted May 21, 2025**

Before:    SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Aaron Pierre Brown appeals from the district court's judgment and

challenges the 14-month sentence imposed upon the second revocation of his

supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Brown contends that the district court procedurally erred and imposed a

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

substantively unreasonable sentence because it failed to consider the applicable 18 U.S.C. § 3553 sentencing factors and his request for treatment instead of prison, and it may have impermissibly relied on the need to promote respect for the law. We review Brown's procedural arguments for plain error, and the substantive reasonableness of the sentence for abuse of discretion. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).

The record reflects that the district court considered Brown's need for treatment and determined that a 14-month sentence was appropriate in light of his "aggressiveness, erratic behavior, [and] the lack of trustworthiness" while on supervised release. This explanation is sufficient to permit meaningful appellate review. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, the record does not support Brown's contention that the district court relied on an improper factor; the court properly considered Brown's history and characteristics, the risk he posed to probation officers and the community, and the need for deterrence. *See* 18 U.S.C. § 3583(e); *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007). Finally, the within-Guidelines sentence is substantively reasonable in light of the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**